1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BROOKS FAMILY PARTNERSHIP, a
Washington Partnership,

                    Plaintiffs,

         v.

GRANITE STATE INSURANCE
COMPANY, a foreign insurance company,

                    Defendants.

CASE NO. C09-5723RJB

**ORDER ON DEFENDANT
GRANITE STATE INSURANCE
COMPANY'S MOTION TO
CONFIRM APPRAISAL
AWARD AND DISMISS ALL
CLAIMS FOR AMOUNT S DUE
UNDER POLICY**

        This matter comes before the Court on Defendant Granite State Insurance Company's

Motion to Confirm Appraisal Award and Dismiss All Claims for Amounts Due Under Policy.

Dkt. 31.  The Court has considered the pleadings filed in support of and in opposition to the

motion and the file herein.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

**A.    FACTS**

        On September 26, 2007, a building owned by Plaintiffs was damaged by fire.  Dkt. 1.

The building is located at 1303 Commerce Avenue, Longview, Washington.  *Id.*  Defendant

issued a fire  insurance policy on the building.  *Id.*  Defendant agreed to pay for "direct physical

1    loss of or damage to" the building, "caused by or resulting from a covered cause of loss."  Dkt.

2    6-2, at 16.  Fire is a "covered cause of loss" under the policy.  Dkt. 6-2, at 55.

3            On December 21, 2007, Jack Thomas, Plaintiffs' public adjuster, submitted to Defendant

4    Plaintiff's "Claim for Structural Damage with Proof of Loss."  Dkt. 6, at 1-2.  Mr. Thomas also

5    informed Defendant "that a subsequent submission would be made regarding code upgrades

6    required by the City of Longview during the reconstruction."  Dkt. 6, at 2.

7            Plaintiff hired Universal Building, Inc.("Universal,") a construction company, to draft

8    construction estimates and repair the building.  Dkt. 9.  According to Mr. Thomas, Plaintiff

9    "elected to repair the building without a settlement with Granite State due to the significant loss

10   of business resulting from the fire damaged building, rendering the building unusable with

11   severe damage, smoke presence, and no heat or air-conditioning."  Dkt. 6, at 3.  In any event,

12   representatives of Universal met with City of Longview ("City") officials to discuss construction

13   permits.  Dkts. 8, at 1-2 and 9.  Mr. Brinkey, City Director/Building Official, sent a letter to

14   Universal, in March of 2008, regarding "aspects of reconstruction of the building."  Dkt. 8, at 2

15   and 4.  Mr. Brinkey (after consultation with structural engineer, Robert G. Rurpin, P.E., hired by

16   Plaintiff) later determined that additional code upgrades would be required for issuance of the

17   permits.  Dkt. 8, at 1-2.  Mr. Brinkey specifically concurred with the portion of Mr. Turpin's

18   opinion which stated that:

19               The net result of [International Building Code ("IBC")] Section 3403.2 is to
20               require the unsound & unreinforced masonry walls on the front and side to be
                 removed down to the existing concrete bond beams just above the upper floor.
21               The rear wall will have to be removed down to the foundation. The parapet on the
                 party wall between buildings will have lo be removed to the lower roof line. The
22               party wall seems to be sound below the lower roof.

23   Dkt. 8, at 7.  Mr. Brinkey further found, consistent with Mr. Turpin's assessment, that an

24   "accessible route to the upper floor is required by IBC 3403.1 & IBC 3406.1.  The proposed

     installation of an elevator will provide the accessibility required."  Dkt. 8, at 11.
25
26           On March 16, 2009, Mr. Thomas submitted Plaintiff's code upgrade claim to Defendant,

27   referencing the "Law and Ordinance" provision of the policy.  Dkt. 6, at 3.

28   The policy further provides under "Ordinance or Law":

ORDER
Page 2

1

> If a covered cause of loss occurs to a building, we shall pay:
> 1. For loss or damage caused by enforcement of any law that:
>> a. Requires the demolition of parts of the same building not damaged by a
>> covered cause of loss;
>> b. Regulates the construction or repair of buildings, or establishes zoning
>> or land use requirements at the premises described in the Declarations;
>> and
>> c. Is in force at the time of loss.
> 2. The increased cost to repair, rebuild, or construct the building caused by
> enforcement of building, zoning, or land use law. If the building is repaired or
> rebuilt, the building shall be intended for similar occupancy as the current
> building, unless otherwise required by zoning or land use law.

Dkt. 6-2, at 40.

Parties were unable to agree on either the cost to repair the fire damage or the additional

work necessary to comply with building codes and so submitted these disputes to appraisal.  Dkt.

14, at 3.  Plaintiff appointed John Engel as its appraiser.  Dkt. 7.  Defendant appointed James

Reed as its appraiser.  Dkt. 36.  Mr. Reed retired before the decision was made, and Defendant

appointed Andy Shemchuk.  Dkt. 36.

Under "Appraisal" the policy provides:

> If we and you disagree on the value of the Covered Property or salvage or the
> amount of loss, either may make written demand for an appraisal of the loss or
> salvage. In this event, each party shall select a competent and impartial appraiser.
> The two appraisers shall select an umpire. If they do not agree, either may request
> that selection be made by a court having jurisdiction. The appraisers shall state
> separately the value of the Covered Property and amount of loss or salvage. If
> they fail to agree, they shall submit their differences to the umpire. A decision
> agreed to by any two shall be binding. Each party shall:
> 1. Pay its chosen appraiser; and
> 2. Bear the other expenses of the appraisal and umpire equally.

Dkt. 6-2, at 44.

After various attempts to resolve the matter, in December of 2008, Defendant filed a

motion in Cowlitz County, Washington Superior Court for appointment of an umpire pursuant to

the "Appraisal" provision of the policy.  Dkt. 11, at 2.  The court appointed David Draper,

formerly a superior court judge, as umpire.  Dkt. 36.  In April of 2009, the parties agreed to a

written protocol, which would govern the "Appraisal."  Dkt. 14, at 100-107.

On September 28, 2009, Plaintiff filed this case in Cowlitz County, Washington Superior

Court.  Dkt. 1, at 9-34.  Plaintiff makes claims for breach of contract, "unfair and/or deceptive

business practices" pursuant to RCW § 19.86.010, *et seq*., and "bad faith." *Id*. Plaintiff seeks damages, attorneys' fees, costs. *Id*. Plaintiff also seeks an order from the Court prohibiting the Defendant from violating the a) Washington Administrative Code, b) the Washington Consumer Protection Act, and c) "assisting, aiding or abetting any other person or business engaged in or performing any of the activities referred in a) or b)." *Id*. The case was removed in November of 2009 based on the diversity of citizenship of the parties. Dkt. 1.

While this case was pending, the appraisal process was ongoing. Dkt. 36. On February 24, 2010, the appraisal panel issued their decision in a "Memorandum of Appraisal." Dkt. 36, at 6. The decision was signed by the umpire and Defendant's appraiser. Dkt. 36, at 7. Plaintiff's appraiser did not sign the decision. Dkt. 36, at 2. During the appraisal, Plaintiff sought $1,500,809 and the Defendant valued the loss at $1,020,254. Dkt. 36, at 9. The appraisal panel's decision was for an award to Plaintiff of $1,230,492.00. Dkt. 36, at 7. Defendant has paid Plaintiff the amount awarded by the appraisal panel. Dkt. 32, at 4.

Defendant now moves for an order confirming the appraisal award and dismissing any of Plaintiff's claims that are premised on Defendant owing Plaintiff anything further under the policy. Dkts. 31 and 35. Plaintiff opposes the motion, arguing that the decision of the Appraisal was "unfair." Dkt. 34. Plaintiff argues that the motion to confirm the award should be denied. *Id.*

## II.   DISCUSSION

### A.   SUMMARY JUDGMENT - STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could

1   not lead a rational trier of fact to find for the non moving party.  *Matsushita Elec. Indus. Co. v.*

2   *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific,

3   significant probative evidence, not simply "some metaphysical doubt."); *See also* Fed. R. Civ. P.

4   56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence

5   supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions

6   of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v.*

7   *Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

8          The determination of the existence of a material fact is often a close question.  The court

9   must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

10  e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254; *T.W. Elec.*

11  *Serv., Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of

12  the nonmoving party only when the facts specifically attested by that party contradict facts

13  specifically attested by the moving party.  The nonmoving party may not merely state that it will

14  discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

15  to support the claim.  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*.

16  Conclusory, non specific statements in affidavits are not sufficient, and missing facts will not be

17  presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

18          **B.     CONFIRMATION OF AWARD**

19          As a federal court sitting in diversity, this Court is bound to apply state law.  *State Farm*

20  *Fire and Casualty Co. v. Smith*, 907 F.2d 900, 901 (9th Cir. 1990).  Accordingly, this Court must

21  apply the law as it believes the Washington Supreme Court would apply it.  *Gravquick A/S v.*

22  *Trimble Navigation Intern. Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003).  "[W]here there is no

23  convincing evidence that the state supreme court would decide differently, a federal court is

24  obligated to follow the decisions of the state's intermediate appellate courts."  *Vestar Dev. II,*

25  *LLC v. Gen. Dynamics Corp.,* 249 F.3d 958, 960 (9th Cir.2001) (*quoting Lewis v. Tel.*

26  *Employees Credit Union,* 87 F.3d 1537, 1545 (9th Cir.1996) (*internal quotation marks omitted*)).

27

28

The Washington Supreme Court has long held that "[t]he provisions of a fire insurance policy requiring an appraisal are universally held to be valid and enforceable." *Goldstein v. National Fire Ins. Co. of Hartford, Conn.*, 106 Wash. 346, 354 (1919)(*internal citation omitted*). Generally, "when an appraisal clause in an insurance policy is invoked, the award is conclusive as to the amount of loss." *Bainter v. United Pacific Ins. Co.*, 50 Win. App. 242, 246-47 (1988); *see also Gouin v. Northwestern Nat'l Ins. Co.*, 145 Wash. 199, 259 P. 387 (1927).  However, "where the fairness of the appraisal process is questioned by the insured, through allegations of bias, prejudice, or lack of disinterestedness on the part of either an appraiser or the umpire, factual issues properly reserved for jury determination may arise." *Bainter,* at 246-47.

Defendant's motion for an order confirming the appraisal award and dismissing Plaintiff's claims for money owed under the contract (Dkt. 31) should be granted.  In Washington, insurance appraisals awards may be judicially confirmed and enforced. *Bainter*, at 247.  Plaintiff has provided no evidence of "bias, partiality or lack of disinterestedness" on the part of members of the appraisal panel. *Bainter*, at 247.

Plaintiff argues that the appraisal award in this matter was "unfair" because the panel determined "that no work was required to bring the building into compliance with the local codes, and thus awarded nothing." Dkt. 34, at 11.  Plaintiff argues that because they decided whether work was required at all under the building codes, the appraisal panel made a coverage determination. *Id.*, at 14-15.  Plaintiff argues that the appraisal panel exceeded it authority by making a coverage determination, the award is "unfair," and so should not be confirmed. *Id*., at 14.

Plaintiff makes no showing that the appraisal panel decided a coverage determination when it awarded  $0 dollars in the "code compliance" category.  The items listed in the appraisal panel's award correlated with the categories listed in the appraisal protocol, to which the parties stipulated. Dkts. 14, at 100 and 36, at 6-7.  Item A.1. provided the panel would determine, "[t]he amount of replacement cost loss caused by the fire, valued at the date and time of the fire, separately stating the cost of repair or replacement for each item or component reasonable and

1  necessarily requiring repair or replacement to restore the building to its pre-fire condition." Dkt.

2  14, at 100.  The appraisal panel awarded Plaintiff $1,125,203 in this category.  Dkt. 36, at 7.

3  (The appraisal panel also awarded Plaintiff for item A.3. - loss of personal property, item A.4.

4  loss of computer equipment, etc., item A.5. loss for suspension of business, and item A.10.- costs

5  associated with enforcement of laws regarding pollutants.  Dkt. 36, at 7.)  Item A.8. provided the

6  appraisal panel would determine, "[t]he increased cost to repair, rebuild, or construct the

7  building caused by enforcement of any building, zoning, or land use law."  Dkt. 14, at 101.

8  Acknowledging that the panel awarded $0 dollars for item A. 8.- "code compliance," the

9  Defendant's appraiser, Mr. Shemchuk, states that he and the umpire "concluded the fire damage

10  could have been repaired in a code-compliant manner for the amount awarded for item A.1.,

11  building repair costs, and that no additional work (or increased costs) would be caused by the

12  enforcement of any building, zoning, or land use law."  Dkt. 36, at 3. Plaintiff makes no showing

13  that the appraisal panel could not make a determination of the extent of damage in determining

14  the amount of loss.

15       Plaintiff has failed to show that there is evidence from which a jury could conclude that

16  the appraisal award was unfair.  The award should be confirmed.  Plaintiff's claims for amounts

17  due under the policy should be dismissed.

18

19                              **III.   ORDER**

20       Therefore, it is hereby, **ORDERED** that:

21  •    Defendant Granite State Insurance Company's Motion to Confirm Appraisal Award and

22       Dismiss All Claims for Amounts Due Under Policy (Dkt. 31) is **GRANTED**;

23            •    The appraisal award **IS CONFIRMED** and

24            •    Plaintiff's claims for amounts due under the policy **ARE DISMISSED**.

25  /

26  /

27  /

28

ORDER
Page 7

1    The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel

2  of record and to any party appearing *pro se* at said party's last known address.

3    DATED this 22nd day of November, 2010.

4

5

6    Robert J. Bryan
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page 8